## IN THE MATTER OF THE APPLICATION OF EMILY W. PHELAN FOR A WRIT OF CERTIORARI.

Submitted October 1, 1940—Decided May 6, 1941.

Before Justices CASE, DONGES and HEHER.

For the applicant, *J. Victor D'Aloia.*

For the respondent, *T. Millet Hand* and *Donald R. Taggart.*

The opinion of the court was delivered by

CASE, J. Emily W. Phelan, caveator against the probate of the will of Beulah Matter Collins, deceased, seeks a writ of *certiorari* to review a rule for a new trial made by the Circuit Court of Cape May County. The Orphans Court of that

county had certified, under *R. S.* 3:2-31, certain questions to the Circuit Court for trial by jury, and one of the questions, that of undue influence, was resolved against the validity of the will. After the jury came in with its findings, it was learned that a member of the jury, during the jury deliberations, had informed an attendant constable that the jury desired a dictionary to ascertain the meaning of the two words "undue influence" and that the constable had thereupon procured from the office of the County Superintendent of Schools a copy of "The Winston Simplified Dictionary" and delivered it to the jury. Certain members of the jury made use of the volume in the effort to ascertain a definition of the mentioned phrase. The adjective "undue" was defined therein, and the adverb "unduly" was appended to that definition. The court, in charging the jury at the close of the trial, had given the definition of "undue influence" as that expression is used with respect to a testamentary disposition, and the definition in the dictionary of the words "undue" and "unduly" was not, in all respects, at one with the charge which the court had delivered. The proponent of the will forthwith procured a rule to show cause why the verdict entered should not be set aside and a new trial granted. Upon the return thereof and after the taking of testimony the rule to show cause was made absolute; the verdict was set aside, and a new trial was granted. The applicant now seeks a writ of *certiorari* to review that rule.

It is conceded that that incident occurred; although it is testified by some of the jurors that they received no information from the volume. It has been judicially held that the officer in attendance upon a jury has no authority to furnish them with a dictionary, that the introduction of a dictionary during a trial would be incompetent and that the fact that the use of the volume might be prejudicial is sufficient to vitiate a verdict without proof that the jury did actually give weight thereto. *Daniels* v. *Barker* (*N. H.*), 200 *Atl. Rep.* 410.

We are clearly of the opinion that the granting of a new trial under the circumstances of the case was a lawful exercise of the sound discretion vested in the trial court.

The application will be denied, with costs.